UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDSON ADAEL PALENCIA BERBECIA,

Petitioner(s),

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent(s).

CASE NO. 26-4524-KKE

ORDER ON NEXT FRIEND STANDING AND APPOINTING COUNSEL

On November 17, 2026, Petitioner's wife, Edenetzi Mercedes Bravo Berbecia, proceeding pro se, filed a petition for a writ of habeas corpus on behalf of Petitioner as his "next friend." Dkt. No. 1 at 8; Dkt. No. 1-4. Ms. Bravo Bercia seeks to proceed as Petitioner's "next friend" "due to the difficulties [Petitioner] face[s] in accessing legal documents, preparing [his] defense, and personally signing the relevant briefs" while he is detained. Dkt. No. 1-4 at 1. The next day, the Clerk of Court issued a Notice of Filing Deficiency ("Notice"), stating that the petition was not properly signed or dated. Dkt. No. 3. The Notice instructed that the deficiency be corrected and filed with the Court by December 18, 2026. *Id.*

"A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a 'next friend.'" *Molina Arzola v. Facility Adm'r*, No. 2:26 CV-00717-DGE, 2026 WL 602221, at *1 (W.D. Wash. Mar. 4, 2026) (citing *United States v.*

*Castle*, Case No. 2:15-cr-0190 KJM DB P, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022)). To establish "next friend" standing, a third party must meet "two firmly rooted prerequisites":

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on [her] own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To carry this burden, the "next friend" must "clearly … establish the propriety of his status and thereby justify jurisdiction of the court." *Whitmore*, 495 U.S. at 164. In addition to these requirements, third parties may not represent others in court without a licensed attorney—even when the third party has a close relationship to the real party in interest. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."); *see also Molina Arzola*, 2026 WL 602221, at *1 (collecting cases).

Here, even if Ms. Bravo Bercia would otherwise have "next friend" standing to pursue this action on her husband's behalf, she may not do so without counsel. Accordingly, the Court finds that the interests of justice require that counsel be appointed for Petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B); *see, e.g.*, *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) ("[T]he district court or magistrate may appoint counsel at any stage of the case if the interests of justice require[.]"); *Garcia Delgadilla v. Knight*, No. 3:26-CV-00260-RFB-CLB, 2026 WL 974398, at *1 (D. Nev. Apr. 10, 2026) (sua sponte appointing counsel in federal habeas case); *Martinez Reinoza v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-06245 DAD SCR, 2026 WL 2453658, at *1 (E.D. Cal. Aug. 21, 2026) (same).

Accordingly, the Court ORDERS as follows:

(1) This matter is referred to attorney Jennifer Pasquarella for review.

(2) The Court requests that Ms. Pasquarella review the petition and advise the Court by email to the courtroom deputy at KKEcrd@wawd.uscourts.gov no later than November 30, 2026, if she will seek appointment in this matter.

(3) If Ms. Pasquarella decides to seek appointment in this matter, Petitioner's deadline to correct or amend the petition remains December 18, 2026.

(4) The Clerk is directed to send a copy of this order to Petitioner and to Ms. Bravo Bercia at the address listed at Dkt. No. 1-5.

(5) The Clerk is also directed to send a copy of this order and the case file to Ms. Pasquarella at jpasquarella1@seattleu.edu.

Dated this 19th day of November, 2026.

Kymberly K. Evanson
United States District Judge