UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDSON ADAEL PALENCIA BERBECIA,

Petitioner(s),

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent(s).

CASE NO. 26-4524-KKE

ORDER GRANTING UNOPPOSED HABEAS PETITION

This matter comes before the Court on Petitioner's writ of habeas corpus under 28 U.SC. § 2241. For the reasons below, the Court grants the petition. Dkt. No. 1.

## I. BACKGROUND

After Petitioner traveled from New York to Washington for a work opportunity, he was arrested and detained by masked Immigration and Customs Enforcement ("ICE") officers on November 8, 2026. Dkt. No. 1-3 at 2. Petitioner's wife, Edenetzi Mercedes Bravo Berbecia, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.SC. § 2241 on November 17, 2026, challenging Petitioner's detention on his behalf as his "next friend." Dkt. No. 1 at 8; Dkt. No. 1-4. The petition argues that Petitioner's arrest and continued detention are unlawful and requests release. Dkt. No. 1 at 6–7; Dkt. No. 1-3 at 1–4.

The Court issued a scheduling order instructing Respondent to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 2 at 1. And because third parties, including

"next friends," may not represent others in court without a licensed attorney, the Court issued an order appointing counsel on November 19, 2026. That same day, Ms. Jennifer Pasquarella[1] entered an appearance on Petitioner's behalf. Dkt. No. 5. The next day, the Government filed an "abbreviated return" requesting only "that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. No. 7. The abbreviated return does not contain legal argument or any factual assertions.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on his petition, Petitioner must show by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## III. ANALYSIS

### A. The Court grants Ms. Bravo Berbecia next friend status.

As discussed in the Court's previous order (Dkt. No. 4), "[a] third party may file a petition for a writ of habeas corpus … only when that third party has standing as a 'next friend.'" *Molina Arzola v. Facility Adm'r*, No. 2:26 CV-00717-DGE, 2026 WL 602221, at *1 (W.D. Wash. Mar. 4, 2026) (citation omitted). To establish "next friend" standing, a third party must meet "two firmly rooted prerequisites":

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on [her] own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

[1] Law students Bryan Lewis and Sophia Braymen also entered appearances. Dkt. No. 5.

*Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). In addition to these requirements, third parties may not represent others in court without a licensed attorney—even when the third party has a close relationship to the real party in interest. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Ms. Bravo Berbecia has satisfied the requirements for next friend standing. First, she has provided "an adequate explanation" as to why Petitioner is unable to appear on his own behalf in this action. *See Dennis*, 378 F.3d at 888. As she explains, Petitioner faces significant "difficulties" in "accessing legal documents" and "preparing [his] defense" while he is detained. Dkt. No. 1-4 at 1. Second, Ms. Bravo Berbecia is Petitioner's wife and undoubtedly has a "significant relationship" with Petitioner. Dkt. No. 1-2 at 1; Dkt. No. 1-4 at 1; Dkt. No. 1-1 at 17–19 (Venezuelan civil marriage record). *See Tarbakhov v. Warden of Nw. Det. Ctr.*, No. C26-0279JLR, 2026 WL 653705, at *2 (W.D. Wash. Mar. 9, 2026) (granting next friend status to petitioner's wife, finding "no doubt that the relationship is 'significant'"). And finally, licensed counsel has appeared in this matter on behalf of Petitioner. Dkt. No. 5. *See Simon*, 546 F.3d at 664. Because all three requirements for next friend standing have been met, the Court grants Ms. Bravo Berbecia next friend status to bring this habeas action on behalf of Petitioner. *See Tarbakhov*, 2026 WL 653705, at *2.

**B. The Court grants the unopposed habeas petition.**

The Court next turns to address the merits of the petition.[2] Here, the record reflects that Petitioner was released on an order of recognizance ("OREC") on May 15, 2023 (Dkt. No. 1-1 at

[2] Although the Clerk of Court issued a Notice of Filing Deficiency the day after the petition was filed, stating that the petition was not properly signed or dated (Dkt. No. 3), the filing deficiency has been resolved by the appearance of counsel and the finding that Ms. Bravo Berbecia can proceed as next friend. Moreover, the Court notes that Ms. Bravo Berbecia filed a declaration and supplemental memorandum signed by Petitioner alongside the habeas petition. *See* Dkt. Nos. 1-2, 1-3. In any event, the Government has waived any procedural challenge to the petition by filing an abbreviated return (which does not mention the filing deficiency) before Petitioner filed a corrected petition.

6), has strong family ties in the United States (Dkt. No. 1-3 at 2; Dkt. No. 1-4 at 1), and has a pending asylum application, with a hearing scheduled for March 24, 2027 (Dkt. No. 1-1 at 2; Dkt. 1-2 at 1). The record also contains multiple letters of support, describing Petitioner as a hardworking and family-oriented member of his community. Dkt. No. 1-1 at 12–16. Numerous courts in this Circuit, including this one, have ordered the release of similarly situated petitioners who were arrested and detained without any pre-deprivation process. *See, e.g.*, *Reyes Sira v. Mullin*, No. 2:26-CV-03899-GJL, 2026 WL 3320005, at *3 (W.D. Wash. Nov. 3, 2026) ("[C]ourts have found due process is violated when noncitizens released on an OREC are re-detained without a pre-deprivation hearing and have ordered their immediate release." (citing cases)). And although the Government has full access to the relevant facts concerning Petitioner's detention, it has offered no factual or legal basis to rebut his petition.

"In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Under these circumstances, "the Court is not duty-bound to go find a reason for" the Government—indeed the party presentation principle requires it to do the opposite." *Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's election not to oppose the petition constitutes forfeiture of the arguments it could have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any

challenge to the arguments [the opposing party] raised.”)). Because the Government has declined to present a defense in this case, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the Government’s “failure to oppose the primary relief sought.” *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* (“As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.”).

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 1) and ORDERS that Petitioner shall be released from detention no later than November 25, 2026. The Government shall file a status report no later than November 30, 2026, confirming Petitioner’s release in compliance with this order.

Dated this 24th day of November, 2026.

Kymberly K. Evanson
United States District Judge